| | |
|---|---|
| 1 | Robert T. Haslam (No. 71134) |
| 2 | HELLER EHRMAN WHITE & McAULIFFE LLP |
| | 275 Middlefield Road |
| | Menlo Park, CA 94025-3506 |
| 3 | Telephone: (650) 324-7000 |
| | Facsimile: (650) 324-0638 |
| 4 | |
| 5 | Chris Landgraff |
| | Mark E. Ferguson |
| 6 | BARLITT BECK HERMAN PALENCHAR & SCOTT |
| | Courthouse Place |
| 7 | 54 West Hubbard Street, Suite 300 |
| | Chicago, IL 60610 |
| 8 | Telephone: (312) 494-4477 |
| 9 | Attorneys for Plaintiff |
| | HEWLETT-PACKARD COMPANY |

ENTERED
NOV 13 2002
CALENDARED

ORIGINAL FILED
SEP 30 2002

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

ADR
COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Hewlett-Packard Company,

           Plaintiff,

v.

EMC Corporation,

           Defendant.

Case No.: C02 04709 EDL

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Hewlett-Packard Company ("HP") states the following in support of its Complaint for Patent Infringement against Defendant EMC Corporation ("EMC"):

I.  **PARTIES**

1.  HP is a corporation organized under the laws of Delaware with its principal place of business in Palo Alto, California. HP maintains an office within this judicial district.

2.  EMC is a corporation organized under the laws of Massachusetts and maintains its corporate headquarters in Hopkinton, Massachusetts. EMC conducts business in this district from which it derives revenue.

1

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND:

## II. JURISDICTION AND VENUE

3. HP's United States patent infringement claims arise under 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

## III. FIRST CLAIM FOR RELIEF

5. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

6. United States Patent No. 5,237,658 ('658 patent), entitled "Linear And Orthogonal Expansion Of Array Storage In Multiprocessor Computing Systems" (Exhibit A hereto), was duly and legally issued on August 17, 1993 to Tandem Computers Incorporated, as assignee of Mark Walker, Albert Lui, Harald Sammer, Wing Chan, and William Fuller.

7. HP has acquired and is now the owner of the right, title and interest in the '658 patent.

8. EMC has infringed, actively induced and/or contributed to the infringement of the '658 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '658 patent, including but not limited to EMC's Clariion and TimeFinder products.

9. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '658 patent willfully and deliberately.

10. Unless EMC is enjoined from infringing the '658 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

11. As a result of the infringement of one or more claims of the '658 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## IV. SECOND CLAIM FOR RELIEF

12. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

13. United States Patent No. 5,247,618 ('618 patent), entitled "Transferring Data In A Digital Data Processing System" (Exhibit B hereto), was duly and legally issued on September 21, 1993 to Digital Equipment Corporation, as assignee of Scott Davis, William Goleman, David Thiel, Robert Bean and James Zahrobsky.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND:

14. HP has acquired and is now the owner of the right, title and interest in the '618 patent.

15. EMC has infringed, actively induced and/or contributed to the infringement of the '618 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '618 patent, including but not limited to EMC's Symmetrix, SRDF, TimeFinder and SnapView products.

16. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '618 patent willfully and deliberately.

17. Unless EMC is enjoined from infringing the '618 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

18. As a result of the infringement of one or more claims of the '618 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## V.   THIRD CLAIM FOR RELIEF

19. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

20. United States Patent No. 5,315,602 ('602 patent), entitled "Optimized Stripe Detection For Redundant Arrays Of Disk Drives" (Exhibit C hereto), was duly and legally issued on May 24, 1994 to Digital Equipment Corporation as assignee of Eric Noya, Randy Arnott and Mitchell Rosich.

21. HP has acquired and is now the owner of the right, title and interest in the '602 patent.

22. EMC has infringed, actively induced and/or contributed to the infringement of the '602 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '602 patent, including but not limited to EMC's Clariion products.

23. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '602 patent willfully and deliberately.

24. Unless EMC is enjoined from infringing the '602 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND:

25. As a result of the infringement of one or more claims of the '602 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## VI. FOURTH CLAIM FOR RELIEF

26. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

27. United States Patent No. 5,917,253 ('253 patent), entitled "Live AC Mains Power Selector For Redundant Systems" (Exhibit D hereto), was duly and legally issued on June 29, 1999 to HP as assignee of Michael Rusnack.

28. HP is the owner of the right, title and interest in the '253 patent.

29. EMC has infringed, actively induced and/or contributed to the infringement of the '253 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '253 patent, including but not limited to EMC's Celerra and Symmetrix products.

30. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '253 patent willfully and deliberately.

31. Unless EMC is enjoined from infringing the '253 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

32. As a result of the infringement of one or more claims of the '253 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## VII. FIFTH CLAIM FOR RELIEF

33. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

34. United States Patent No. 6,269,453 ('453 patent), entitled "Method For Organizing The Data On A RAID-4 Or RAID-5 Array In The Absence Of One Disk" (Exhibit E hereto), was duly and legally issued on July 31, 2001 to Compaq Computer Corporation, as assignee of Joseph Krantz.

35. HP has acquired and is now the owner of the right, title and interest in the '453 patent.

36. EMC has infringed, actively induced and/or contributed to the infringement of the '453 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the

4

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND:

inventions set forth in the claims of the '453 patent including but not limited to EMC's Clariion and Symmetrix products.

37. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '453 patent willfully and deliberately.

38. Unless EMC is enjoined from infringing the '453 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

39. As a result of the infringement of one or more claims of the '453 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## VIII. SIXTH CLAIM FOR RELIEF

40. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

41. United States Patent No. 6,356,979 ('979 patent), entitled "System And Method For Selectively Presenting Logical Storage Units To Multiple Host Operating Systems In A Networked Computing System" (Exhibit F hereto), was duly and legally issued on March 12, 2002 to Compaq Computer Corporation, as assignee of Stephen Sicola, Michael Walker and James Pherson.

42. HP has acquired and is now the owner of the right, title and interest in the '979 patent.

43. EMC has infringed, actively induced and/or contributed to the infringement of the '979 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '979 patent, including but not limited to EMC's Clariion and TimeFinder products.

44. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '979 patent willfully and deliberately.

45. Unless EMC is enjoined from infringing the '979 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

46. As a result of the infringement of one or more claims of the '979 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## IX. SEVENTH CLAIM FOR RELIEF

47. HP incorporates the allegations of paragraphs 1 through 4 as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND:

48. United States Patent No. 5,390,327 ('327 patent), entitled "Method For On-Line Reorganization Of The Data On A RAID-4 Or RAID-5 Array In The Absence Of One Disk And The On-Line Restoration Of A Replacement Disk" (Exhibit G hereto), was duly and legally issued on February 14, 1995 to Digital Equipment Corporation, as assignee of Clark Lubbers and David Thiel.

49. HP has acquired and is now the owner of the right, title and interest in the '327 patent.

50. EMC has infringed, actively induced and/or contributed to the infringement of the '327 patent by making, using, offering for sale, selling and/or causing to be sold one or more of the inventions set forth in the claims of the '327 patent, including but not limited to EMC's Clariion products.

51. On information and belief, EMC has infringed, actively induced and/or contributed to the infringement of the '327 patent willfully and deliberately.

52. Unless EMC is enjoined from infringing the '327 patent, HP will suffer irreparable injury. HP has no adequate remedy at law.

53. As a result of the infringement of one or more claims of the '327 patent, HP has been damaged in an amount to be determined but not less than a reasonable royalty.

## X. PRAYER

Wherefore, HP prays for relief and judgment as follows:

1. That EMC be adjudged to have infringed, actively induced the infringement of and/or contributed to the infringement of the '658, '618, '602, '253, '453 and '979 patents;

2. That EMC be adjudged to have infringed, actively induced the infringement of and/or contributed to the infringement of the '658, '618, '602, '253, '453 and '979 patents willfully and deliberately;

3. That this Court issue an injunction permanently enjoining EMC and those acting in concert with it from manufacturing, using and/or selling any product that infringes upon the rights secured by the '658, '618, '602, '253, '453 and '979 patents;

4. That the Court declare this case to be an "exceptional case" and award HP attorneys' fees pursuant to 35 U.S.C. § 285;

5. That HP be awarded damages of not less than a reasonable royalty and that such damages be increased three times as a result of EMC's willful and deliberate infringement;

6. For costs of suit pursuant to 35 U.S.C. § 284; and

7. For such other and further relief as this Court may deem appropriate.

XI. JURY DEMAND

HP hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues triable by a jury.

DATED: September 30, 2002

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP

By _____
ROBERT T. HASLAM
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

7

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND: